UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ANNA POWERS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**USLM FINANCIAL LLC,** a Florida company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

Plaintiff Anna Powers ("Plaintiff Powers" or "Powers") brings this Class Action Complaint and Demand for Jury Trial against Defendant USLM Financial LLC ("Defendant" or "USLM Financial") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the national Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Powers, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## PARTIES

1. Plaintiff Powers is a resident of Greenville, Texas.

2. Defendant USLM Financial is a company registered in Florida, with its headquarters located in Orlando, Florida. Defendant USLM Financial conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in July 2023 alone, at a rate of 144.8 million per day. www.robocallindex.com (last visited August 20, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. USLM Financial sells insurance plans.

14. USLM Financial places solicitation calls to consumers to solicit its health and life insurance plans.

15. USLM Financial admits in job posts that they do outbound calling using "call screeners."



[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://uslmfinancial.com/careers/call-screener/

16. Unfortunately, some of these calls from USLM Financial are being placed to consumers without consent, including to consumers that registered their phone numbers on the DNC, as per Plaintiff's experience.

17. To make matters worse, USLM Financial lacks a sufficient opt-out system to ensure that a consumer who notifies USLM Financial to stop calling them will be removed from their calling list.

18. Consumers have posted complaints about receiving unsolicited telemarketing calls from USLM Financial, including complaints from consumers who were unable to get USLM Financial to stop calling when the consumer opted out, including:

- "It may not be a 'scam' only because you sell a real product but the way you guys harass people is not okay. ***I've gotten called every day for a week even after telling each person I'm not interested and to not call again.*** And the way y'all tell people that you are 'legally required' to tell us about our benefits as a way to keep us on the phone and be able to refuse to stop calling people every single day is beyond bs. I'd find a job selling insurance with a more reputable company before this one gets sued for harassment.[4] (emphasis added)

- "They are definitely a scam. ***They refused to stop calling me.*** I've told them every day for a week I'm not interested and ***add me to a do not call list.*** They refused and said they don't have one. I called them over and over again until someone agreed to add me to a do not call list. Each rep said they are "legally required to read you your benefits package and what your eligibility is."[5] (emphasis added)

- "Looking for any information at all about USLM Financial based in Orlando, Fl. They called me offering life/health insurance but when I

---

[4] https://www.reddit.com/r/Insurance/comments/137wram/uslm_financial/
[5] *Id.*

5

> go to look up any reviews or any information at all about their company I can't find anything at all. Seems like a scam to me, but would love to see if anyone else knows anything at all about them."[6]

- "Just got a call from them which was listed as Public Service. Seems like an invasive way to market insurance. Only been in business for about a year. I have blocked them. I agree it seems like a scam."[7]
- "Just got one from them as well. Seems pretty shady to me. I don't know why the "State" would be having a benefits coordinator call me to set up health and life insurance."[8]

19. In response to these calls, Plaintiff Powers brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF POWERS'S ALLEGATIONS

20. Plaintiff Powers registered her cell phone number on the DNC on December 2, 2021.

21. Plaintiff Powers uses her cell phone number for personal use only as one would use a residential landline telephone number.

22. The calls that Plaintiff Powers received from Defendant USLM Financial were all received more than 31 days after the Plaintiff registered her cell phone number on the DNC.

---

[6] *Id.*
[7] *Id.*
[8] *Id.*

23. Plaintiff Powers has received multiple unsolicited telemarketing calls from Defendant USLM Financial to her cell phone.

24. USLM Financial's employees have called Plaintiff Powers soliciting life and/or health insurance plans.

25. All of the calls follow the same script.

26. On August 8, 2023, Plaintiff Powers received an unsolicited telemarketing call from Defendant USLM Financial to her cell phone from the phone number 850-446-0866.

27. When Plaintiff Powers answered this call, a USLM Financial employee began the sales pitch soliciting an insurance plan.

28. The employee did not state the name USLM Financial.

29. Plaintiff Powers told the employee that she was not interested and specifically told the employee not to contact her again.

30. Plaintiff Powers called 850-446-0866 back on August 8, 2023 at 8:59 AM. She specifically requested that there be no further calls to her cell phone.

31. 850-446-0866 is owned/operated by USLM Financial.[9]

32. Despite her clear stop request, Plaintiff Powers received additional unwanted and unsolicited telemarketing calls from USLM Financial to her cell phone.

---

[9] Based on an investigation conducted by Plaintiff's attorneys.

33. For example, on August 17, 2023 at 3:11 PM, Plaintiff Powers received another unsolicited telemarketing call to her cell phone from USLM Financial, from phone number 850-483-3818.

34. When the Plaintiff answered this call, a USLM Financial employee began the sales pitch soliciting an insurance plan.

35. Plaintiff Powers asked the employee, "Didn't I tell you not to call me?" She then ended the call.

36. At 3:15 PM on August 17, 2023, Plaintiff Powers called 850-483-3818 back and followed the prompts that were provided so she could add her phone number to the Defendant's do not call list.

37. Frustrated by the calls she received, Plaintiff Powers called 850-483-3818 again on August 17, 2023 at 3:16 PM so she could confirm the name of the company. An automated system identified the company name USLM Financial.

38. Plaintiff Powers has never done business with USLM Financial and has never given them consent to call her phone number.

39. The unauthorized solicitation telephone calls that Plaintiff Powers received from or on behalf of Defendant USLM Financial have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

40. Seeking redress for these injuries, Plaintiff Powers, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

41. Plaintiff Powers brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) USLM Financial called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant USLM Financial called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the Defendant's records reflect the person requested that they stop calling.

42. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally

adjudicated and/or released. Plaintiff Powers anticipates the need to amend the Class definition following appropriate discovery.

43. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Powers will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Powers has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Powers and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Powers nor her counsel have any interest adverse to the Classes.

46. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Powers. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's

misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Powers and the Do Not Registry Class)**

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Powers and the Do Not Call Registry Class members who registered their respective

telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Powers and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

52. As a result of Defendant's conduct as alleged herein, Plaintiff Powers and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Powers and the Internal Do Not Call Class)**

54. Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference herein.

55. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such

person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900

number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

56. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

57. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

58. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of

15

Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Powers requests a jury trial.

                <u>Respectfully Submitted,</u>

                **ANNA POWERS**, individually and on behalf of all others similarly situated,

DATED this 10th day of September, 2023.

                <u>By: /s/ *Stefan Coleman*</u>

                Stefan Coleman
                COLEMAN PLLC
                66 West Flagler Street
                Suite 900
                Miami, FL 33130
                (877) 333-9427
                law@stefancoleman.com

                Avi R. Kaufman*
                kaufman@kaufmanpa.com
                KAUFMAN P.A.
                237 S Dixie Hwy, Floor 4
                Coral Gables, FL 33133
                Telephone: (305) 469-5881

                *Attorney for Plaintiff and the putative Classes*

                * *Lead Counsel*